**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**
_Eastern_ **DIVISION**

MAR 1 0 2025

TAMMY H. DOWNS, CLERK

By:_____ DEP CLERK

**CASE NO.** 4:25-cv-211-JM-BBM

This case assigned to District Judge _Moody_
and to Magistrate Judge _Moore_

**Jury Trial:** ☒ Yes ☐ No
(Check One)

I.      **Parties**

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of plaintiff: Steven Cody-Obama
ADC # 145160

Address: P.O. BOX 600    Grady, AR. 71644

Name of plaintiff: _____
ADC # _____

Address: _____

Name of plaintiff: _____
ADC # _____

Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B.    Name of defendant: Brandon Carroll

Position: Deputy Warden

Place of employment: ADC

Address: P.O. BOX 600 Grady, AR. 71644

Name of defendant: Brian Perkins

Position: Sergeant

-4-

Place of employment: _ADC — Varner Supermax_

Address: _P.O. Box 600 Grady, AR. 71644_

Name of defendant: _LT. Quentin Baker_

Position: _Lieutenant_

Place of employment: _ADC - Varner Unit (now FIRED)_

Address: _P.O. Box 600 Grady, AR. 71644_

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

II.    Are you suing the defendants in:

☐    official capacity only
☐    personal capacity only
☒    both official and personal capacity

III.    Previous lawsuits

A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___    No ☒

B.    If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐    Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

    ☐    Court (if federal court, name the district; if state court, name the county):

_____

    ☐    Docket Number: _____

    ☐    Name of judge to whom case was assigned: _____

    ☐    Disposition: (for example: Was the case dismissed?  Was it appealed? Is it still pending?) _____

    ☐    Approximate date of filing lawsuit: _____

    ☐    Approximate date of disposition: _____

IV.   Place of present confinement:  _ADC - Varner Supermax_

_____

V.    At the time of the alleged incident(s), were you: (check appropriate blank)

   _____ in jail and still awaiting trial on pending criminal charges

   __X__ serving a sentence as a result of a judgment of conviction

   _____ in jail for other reasons (e.g., alleged probation violation, etc.) explain: _____

_____

VI.   The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit.  There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails.  Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

   A.   Did you file a grievance or grievances presenting the facts set forth in this complaint?

       Yes _X_    No ____

   B.   Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

       YES

Yes _X_    No ____

If not, why? _____

_____

VII.    **Statement of claim**

State here (as briefly as possible) the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

On or about 9/13/24 Sgt. Brian Perkins made deliberate disclosures to Inmates with the intent to incite them to cause harm to Plaintiff Devon Cody Obman when he Identified him to other Inmates as a Snitch knowing this Placed Plaintiff at a substantial risk of serious harm. Plaintiff has Notified the Prison on several different occasions that Sgt. Perkins labeled him as a Snitch and was Putting his Life in danger w/ the Prison Aryan Groups and various Gangs. Deputy Warden Carroll did not take reasonable steps to Prevent the harm from occuring after being notified. Deputy warden Carroll clearly sought to absolve Sgt. Perkins from any Liability and VSM unit has a history of "Covering-up" Incidents. See: (Benefield V. McDowall, 241 F.3d 1267, 1271) holding that Prison officials labeling an Inmate a Snitch satisfies the Farmer standard and (Reece V. Groose, 60 F.3d 487, 491) holding that an Inmate being called a Snitch is an obvious risk for which Prison officials must take reasonable measures to abate the risk.

-7-

Additionally, considering the cases above and the danger of Labeling a Prisoner a "snitch", District Courts in 3rd Circuit have found that the mere act of labeling a prisoner a snitch constitutes a substantial risk of harm. See: (Thomas v. Cumberland County Corr. Facility, 2011 U.S. Dist. LEXIS 147894 (D.N.J. Dec. 22, 2011)).

Sgt. Perkins called me a snitch and threatened to hurt and have Gangs harm me here out of Floor (working) In front of (77) other Inmates. Theres (78) Inmates for all 6 Cellblocks. A total of 468 Inmates and Sgt. Perkins goes from Cellblock-to-Cellblock spreading the Snitch rumor creating a Substantial risk of harm.

Plaintiff Obama received a "kite" Prison Note from 2 Inmates who are known Gangs members that they would harm me IFI kept writing grievances on Sgt. Perkins. Sgt. Perkins has talked and discriminated against me for my LGBT Status by calling me a "Punk", "Homosexual", "Gay", "Faggot", "Pussy", and has stated how he wants to see my Fat Booty, Fuck my Booty and Put his Dick down my throat. As a result I feared for my life and received mental health counseling but can't get released or STEP Down Program In order to earn Class 2 Status to go home. I only need my Class 2 for Parole but am unable to go home cuz units refusal after 9 years of locked-down In max Status which Prevents me from getting released or Transfered.

Plaintiff Obama argues that by engaging In the acts set forth above, the Defendants violated his constitutional rights. D/W carroll was made aware of all these Incidents and he failed to act to resolve or alleviate these

Note: Sgt. Perkins Has free retaliation from WAPB.

Issues. Plaintiff Claims that Defendant Perkins made (false) statements and unit management (warden Gibson / Deputy warden Carroll) all cleared Sgt. Perkins of any wrong doings w/o conducting an investigation. Plaintiff alleged PREA related statements when D/W Carroll "swept under the Rus" incident and continued to allow said officer around me and allowed him to continue to Call me "LGBT Names", "Sniten", "Pussyboy," etc. which further put Plaintiff in fear that other inmates would harm him. Sgt. Perkins violated My 8th Amendment rights along with D/W Carroll for failing to protect him from harm by other inmates.

Plaintiff Obama States that Defendant D/W Carroll's Inaction or Action by Perkins that could be interpreted as failing to train or encaraging Defendant Perkins or other correctional officers to label inmates as snitches (See: Phillips v. County of Allegheny, 515 F.3d 224) and (Lamont Vann v. Brandon Carroll 4:24-CV-00015 "Settled on 2-28-2025") U.S. District Court Eastern District of Arkansas — Eastern Division These Cases contain facts that suggest that "discovery will reveal evidence of "element of Claim". D/W carroll has authority over Perkins and could have instructed him to refrain from such conduct. D/W Carroll had contemporaneous knowledge of the incidents or acquiesced in them. D/W Carroll and Sgt. Perkins were aware of an unreasonable risk of harm to Plaintiff and were deliberately indifferent to such Risk of harm to Plaintiff, and Plaintiff avers that Defendant Perkins statements labeling Plaintiff a "snitch", "LGBT discriminatory" names led to mental and emotion distress. Plaintiff is requesting Compensatory, Nominal, Punitive Damages or Prospective equitable relief, ~~Recommend~~ such

(9)

Injuctive or delaratory relief. Section 1997e(e) does not bar claims seeking nominal damages to vindicate constitutional rights, nor claims seeking punitive damages and does not bar nominal and punitive damages for violations of constitutional rights even in the absence of physical injury.

Plaintiff seeks to retrain and evaluate officer (Perkins) conduct and have prison investigated to curb said conduct which has a history of said conduct. Plaintiff seeks $7,000 for the alledged violation of his rights.

Courts in the 3rd circuit have recognized that being labeled a "sniten" may constitute an 8th Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to plaintiff. Cooper v. Beard, 2006 U.S. Dist. LEXIS 80655, 30 (E.D. Pa. 2006) "A correction officers labeling a prisoner a snitch constitutes an 8th Amendment violation." Plaintiffs claims are not limited to mere verbal harassment but, rather, also include allegations that he suffered scorn, mental distress and was involved in threatening altercations with other inmates. An inmate need not wait until actual attack occurs to obtain relief. In: Benefield v. McDowall, 241 F.3d 1267, 1270-72 (10th Cir. 2001). In making this objective determination of whether the risk of an inmate being assaulted by other inmates is sufficiently serious to trigger constitutional protection under the 8th Amendment, "The focus must be, not the extent of the physical injuries sustained in the attack, but rather the existence of a substantial risk of serious harm". See: (Pearson v. Vaughn, 102 F. Supp. 2d 282, 290 E.D. Pa. 2000).

Plaintiff also alleges that Sgt. Perkins labeled him as a child molester of a 5 yr. old boy sex-offender in front of other inmates which is totally false. Plaintiff states that Defendant Perkins violated his 8th Amendment by "knowingly placing him in a class of inmates subject to serious bodily harm." "It is largely without question... that the sex offender label severely stigmatizes an individual, and that a

(10)

Prisoner labeled a sex offender faces unique challenges in the prison Environment".

Additionally, considering the cases above and the danger of labeling a prisoner a "snitch", district courts in this 3rd circuit have found that the mere act of labeling a prisoner a snitch constitutes a substantial risk of harm.

Plaintiff Obama also was RETALIATED against by Defendant Perkins as a result of his many grievances against officer and had his slop Lunch/Dinner trays REFUSED various times over a 3-4 month period as late as March 2nd 2025 at approx. 11:15 am. My trays were took on also dates of RAMADAN FAST 2024 year, 9-1-24, 9-13-24, 9-15-24. On 9-13-24 at APPROX. 11:43 am In ISO 4-17 cell my chow was REFUSED and I had a sign up for camera to read to ensure it was reported I had NOT eaten chow due to Sgt. Perkins refusal yet Logs were FALSIFIED and no footage was reviewed. I'm 6'4, 240 Lbs, I NEVER ever refuse a chow tray and there's NO record of such refusals except from said officer over my 16 yr. prison time I've served. D/W Carroll, D/W Griffin and Lt. Baker, Capt. Birens and warden Gibson are all aware of said conduct and have done nothing to prevent said conduct except "cover-up" said incidents w/o actual investigations by Internal Affairs. If a (Polygraph or CVSA test) was administered it would prove I am telling the truth.

I Plaintiff have MULTIPLE staff and inmates who will testify on my behalf and will provide affidavits to further prove said conduct from Sgt. Perkins and who all knew of these incidents

(11)

but failed to act.

Plaintiff hereby Invokes the "IMMINENT DANGER" Clause b/c defendants have placed Plaintiff at risk of Serious harm. Plaintiff will be on STEPDOWN on 3-11-25 and once allowed out of his cell he can/will be Assaulted.

NOT feeding Plaintiff at hands of Defendant Perkins IS a risk to health by not eating Lunch/Dinner on back-to-back days Defendants work IN CB3.

It IS Prayed that the Court GRANT case to Proceed and further Corroborating Information May be Supplemented at later date or "Amended Complaint" be filed to Satisfy any Issues.

Respectfully,

Steven Cody-Obama

# Note:
There's a kite from an Inmate named "Jester" a Member of New Aryan Empire (NAE) who IS of High rank and 2-3-4 means "To the Dirt" and Pirus are a Blood Gang what Sgt. Perkins IS a member of. I'll locate/find other letters to supply to Court.

(12)

VIII.  Relief

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

$7,000 Jointly/severally against all Defendants and Negotiate Class 1-C Status, Transfer and Release, from Prison (Parole).

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 4th day of ___March___, 20 25.

_____

_____

_____
Signature(s) of plaintiff(s)

-8-

# INMATE COMMISSARY LIST

A.D.C.# _____          Date _____

Print Name_____          Barracks _____

Signature_____

| QTY | ITEM | PRICE EACH | TOTAL PRICE |
|-----|------|------------|-------------|
| | HEY OBAMA, | 9-19-24 | |
| | HEY MF PEAKDOG TOLD US ARYANS | | |
| | THAT YOUR CHOMO ASS BEEN SNITCHING | | |
| | TO BARDEN ABOUT HOW WE MOVE DRUGS | | |
| | INTO PRISON AND HE WANTS US (NAE) | | |
| | OR THE PIRUS TO TAKE YOUR PUNK | | |
| | ASS OUT SO BITCH BE READY CUZ | | |
| | ITS GOING DOWN. TO THE DIRT | | |
| | 2 - 3 - 4 | | |
| | | | |
| | NAE | | |
| | | | |
| | | | |
| | | | |

**ALL INMATES MUST FILL OUT THIS LIST COMPLETELY AND SIGN
BEFORE RECEIVING ANY GOODS. USE THE BACK IF NECESSARY.**

800-86                    www.acicatalog.com                    ADCF-11

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

| INMATE NAME: | Cody/Obama, Steven/Ismael/Xander D. | ADC #: | 145160 | GRIEVANCE#: | VSM24-01203 |
|---|---|---|---|---|---|

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION:**

In your grievance dated 9/13/2024, you stated, "On 9-1-24/9-13-24 Sgt. Perkins denied me lunch/dinner BOTH days as retaliation of previous grievances filed against him. Lt. Baker was advised of such while at my cell door MX 4017 at approx. 12:25 pm during shower call. He advised he'd have a staff feed me and get my commissary but no avail. Sgt. Perkins/Lt. Baker were deliberately indifferent towards me B/c they know about said situation and failed to rectify matter purposely ignoring my meals on both days. Sgt. Perkins was deliberately indifferent based on repeated filing grievance/letters to officials seeking help to alleviate said conduct by this officer due to widespread harassment I've experienced by said officer (Sgt. Perkins). Meals cannot be denied as retaliation yet they are and it's a "custom" at VSM which I notified DW Griffin of on 9-3-24 in her office but no avail. Deprivation of life's necessity violates the 8th amend. right to U.S. Constitution and denial of meals multiple times is criteria of ??????? See: Foster v. Runnels, 554 F. 3d 807 (9th Cir. 2009). I've suffered (extreme hunger pains) as a 6'4 240lbs inmate and I never refuse my meals. No 005 report was done and camera footage should be retained from MX4017 and high side camera to show Sgt. Perkins never stopped or opened by door to feed or issue commissary. These matters need to be addressed ASAP."

On 10/17/2024, the warden responded, "Sgt. B. Perkins denies your allegations of retaliation. Security records indicate you refused your lunch and dinner trays on both 9-1-2024 and 9-13-2024. Sgt. Q. Baker states he did not communicate with you regarding the delivery of food trays. Commissary records indicate there were no orders filled for you on the above dates due to your active commissary restrictions. You did receive an order on 9-19-2024 for your legal/hygiene as an indigent inmate in accordance with AD 2020-12. Because there is no evidence of a violation of policy or procedure, I find this issue without merit."

Your appeal was received on 10/28/2024. After a review of your appeal and supporting documentation, I concur with the Warden's decision. I find no evidence to support your claim. Therefore, I find no merit in your appeal.

Appeal Denied.

DIRECTOR

_[signature]_ 11-18-24

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

Attachment III
00

# WARDEN'S/CENTER SUPERVISOR'S DECISION

| INMATE NAME: | Cody/Obama, Steven/Ismael/Xander D. | **157** ADC #: | 145160B | GRIEVANCE #: | VSM24-01203 |

**WARDEN/CENTER SUPERVISOR'S DECISION:**

In your grievance you stated, "On 9-1-24/9-13-24 Sgt. Perkins denied me lunch/dinner BOTH days as retaliation of previous grievances filed against him. Lt. Baker was advised of such while at my cell door MX-4017 at approx. 12:25 pm during shower call. He advised he'd have a staff feed me and get my commissary but no avail. Sgt. Perkins/Lt. Baker were deliberately indifferent towards me B/c they know about said situation and failed to rectify matter purposely ignoring my meals on both days. Sgt. Perkins was deliberately indifferent based on repeated filing grievance/letters to officials seeking help to alleviate said conduct by this officer due to widespread harassment I've experienced by said officer (Sgt. Perkins). Meals cannot be denied as retaliation yet they are and it's a "custom" at VSM which I notified DW Griffin of on 9-3-24 in her office but no avail. Deprivation of life's necessity violates the 8th amend. right to U.S. Constitution and denial of meals multiple times is criteria of ?????? See: Foster v. Runnels, 554 F. 3d 807 (9th Cir. 2009). I've suffered (extreme hunger pains) as a 6'4 240lbs inmate and I never refuse my meals. No 005 report was done and camera footage should be retained from MX4017 and high side camera to show Sgt. Perkins never stopped or opened by door to feed or issue commissary. These matters need to be addressed ASAP."

Sgt. B. Perkins denies your allegations of retaliation. Security records indicate you refused your lunch and dinner trays on both 9-1-2024 and 9-13-2024. Sgt. Q. Baker states he did not communicate with you regarding the delivery of food trays. Commissary records indicate there were no orders filled for you on the above dates due to your active commissary restrictions. You did receive an order on 9-19-2024 for your legal/hygiene as an indigent inmate in accordance with AD 2020-12. Because there is no evidence of a violation of policy or procedure, I find this issue without merit.

SIGNATURE OF WARDEN/SUPERVISOR OR DESIGNEE

Date  10/17/24          Title

**RECEIVED**
OCT 28 2024
INMATE GRIEVANCES SUPERVISOR
ADMINSTRATION BUILDING

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? Records are Falsified but camera footage was/cannot be. I never refuse my trays yet only on tuedays this officer works do I have my trays taken and this issue has been grieved multiple times which has become a custom and form of Retaliation here at VSM. I can/will prove said actions as I have staff who resored statements and plan to take legal action if Central Office Provides no plan of recourse to address said issues. Please Address.

INMATE SIGNATURE   #145160

_10-19-24_ #RJ40

Date

If appealing, please submit both the Unit Level Grievance Form (Attachment I) and the Warden's Decision (Attachment III)

RECEIVED

OCT 2 8 2024

INMATE GRIEVANCES SUPERVISOR
ADMINSTRATION BUILDING

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center _Varner S. Per MOX_

Name _Steven Ishmel Xander Carly Obama_

ADC# _145160_  Brks # _MX4017_ Job Assignment _Kuikkin_

FOR OFFICE USE ONLY
GRV. _VSM24-01203_
Date Received: _9-19-24_
GRV. Code #: _800_

_9-13-24_ (Date) STEP ONE: Informal Resolution

_9-19-24_ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: _Never got yell_
_back from Lt. Baker yet After no Signed It Friday 9-13-24_
_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to
a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious
nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the
attached emergency receipt. In an Emergency, state why: _____

_Is this Grievance concerning Medical or Mental Health Services?_ _NO_ If yes, circle one: medical or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel
involved and how **you** were affected. (Please Print): _9-19-1-24/9-13-24 Sgt. Perkins Denied me Lunch/Dinner_
_both days as retaliation of previous grievances filed against him. Lt. Baker was advised of Such while_
_at my endorse/MX4017 at apPox. 12:25pm during Shower call. He advised he'd have a staff feed me_
_and get my commissary but no Avail. Sgt. Perkins/Lt. Baker were deliberately indifferent towards me_
_B/c they Knew about Said incidents and failed to rectify matter purposefully ignoring my meals 2 both_
_days, Sgt. Perkins was deliberately indifferent based on retaliation of filing grievance/letters to_
_officials seeking help to alleviate Said conduct by this officer due to wide spread harrassment_
_I've experienced by Said officer (Sgt Perkins). Meals cannot be denied as Retaliation yet_
_they are and its a "custom" at VSM which I notified DW Griffin of on_
_9-3-24 in her office but no Avail. Deprivation of a Lifes Necessity violates the 8th_
_Amend. Right to us Const tut ut and denial of meals multiple times is criterion of such_
_see: Foster v. Runnels, 554 F. 3d 807 (9th Cir. 2009). I've suffered (pvt Rene Hunger Pains)_
_as a 6'4, 240lbs Inmate and I never refuse my meals. No DIS Report wc said to_
_and covered Inmate Should be totalled from MX4017 and his incide covered to slow Sexualpitl_
_Nc, or STD racial is fulfilled in toy filled to feed & Denial of commissary. These matters need to be addressed ASAP_

Inmate Signature _[signature]_      Date _9-13-24_

_If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on _9-13-24_ (date), and determined to be **Step One** and/or an Emergency Grievance
_N_ (Yes or No) This form was forwarded to medical or mental health? _N_ (Yes or No). If yes, name
of the person in that department receiving this form: _____ Date _____

_LT Baker_
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature      _9-13-24_ Date Received
Describe action taken to resolve complaint, including **dates**: _____

RECEIVED

OCT 28 2024

INMATE GRIEVANCES SUPERVISOR
ADMINISTRATIVE

Staff Signature & Date Returned   Inmate Signature & Date Received _[signature] 9-19-24_
This form was received on _9-19-2024_ (date), pursuant to **Step Two.** Is it an Emergency? _NO_ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _9-19-2024_
If forwarded, provide name of person receiving this form: _____ Date: _____

SEP 2024

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back
to Inmate upon Completion of Step One and Step Two.

ADCF-15   www.aclcatalog.com

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

| **INMATE NAME:** | Cody/Obama, Steven/Ismael/Xander D. | **ADC #:** | 145160 | **GRIEVANCE#:** | VSM24-01241 |
|---|---|---|---|---|---|

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION:**

In your grievance dated 9/15/2024, you stated, "On 9-13-24 Sgt. Perkins refused my lunch and dinner trays after I notified Lt. Baker at my cell door of problem which he stated he'd notify another officer to come feed me but no avail. On Sunday 9-15-24 Sgt. Perkins was assigned to ISO4 again and was subjected to the same treatment where my chows were REFUSED. This is the same conduct exhibited by this officer which I've grieved multiple times yet Unit management 21-52 lieutenant and 21-11 Captain won't do anything to address problem. 21-04 Major Lewis hasn't addressed issue and 21-03 DW Griffin has been notified but no avail. Continued refusal of chows on multiple dates is a deprivation of life's necessity which violates the 8th Amendment to the U.S. Constitution camera in MX4017 is witness to same allegations and camera in hallway highside will prove cell door wasn't opened. He only stops to argue/make sexual statements but no attempt to fed show and no 005's were done and scanned in EOMIS on 9-13-24/9-15-24 for ????? refusal on those dates."

On 10/25/2024, the warden responded, "You have listed two dates in your grievance. The issue on 9-13-24 was addressed in the response to VSM24-01203 and found to be without merit. Sgt. B. Perkins logged on 9-15-24 that you refused your tray and denies all of your allegations. Because there is no evidence to support your claims, I find this issue without merit."

Your appeal was received on 10/30/2024. After a review of your appeal and supporting documentation, I concur with Warden's decision. I find no violation of policy and procedure regarding this matter. Therefore, I find no merit in your appeal.

Appeal Denied.

DIRECTOR

11-20-24

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

Attachment III
00

# WARDEN'S/CENTER SUPERVISOR'S DECISION

| INMATE NAME: | Cody/Obama, Steven/Ismael/Xander D. | ADC #: | 145160B | GRIEVANCE #: | VSM24-01241 |

**WARDEN/CENTER SUPERVISOR'S DECISION:**
In your grievance you stated, "On 9-13-24 Sgt. Perkins refused my lunch and dinner trays after I notified Lt. Baker at my cell door of problem which he stated he'd notify another officer to come feed me but no avail. On Sunday 9-15-24 Sgt. Perkins was assigned to ISO4 again and was subjected to the same treatment where my chows were REFUSED. This is the same conduct exhibited by this officer which I've grieved multiple times yet Unit management 21-52 lieutenant and 21-11 Captain won't do anything to address problem. 21-04 Major Lewis hasn't addressed issue and 21-03 DW Griffin has been notified but no avail. Continued refusal of chows on multiple dates is a deprivation of life's necessity which violates the 8th Amendment to the U.S. Constitution camera in MX4017 is witness to same allegations and camera in hallway highside will prove cell door wasn't opened. He only stops to argue/make sexual statements but no attempt to fed show and no 005's were done and scanned in EOMIS on 9-13-24/9-15-24 for ????? refusal on those dates."

You have listed two dates in your grievance. The issue on 9-13-24 was addressed in the response to VSM24-01203 and found to be without merit. Sgt. B. Perkins logged on 9-15-24 that you refused your tray and denies all of your allegations. Because there is no evidence to support your claims, I find this issue without merit.

SIGNATURE OF WARDEN/SUPERVISOR OR DESIGNEE

Date    10/25/24          Title

**RECEIVED**

OCT 3 0 2024

INMATE GRIEVANCES SUPERVISOR
ADMINSTRATION BUILDING

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?

*I need video retrieved for litigation at dates mentioned since cameras are not looked at in appeals process to warden to prove my allegations are true and logs are falsified. Who will investigate claims against this Snot Officer.*

INMATE SIGNATURE    #145160

Date    10-28-24

If appealing, please submit both the Unit Level Grievance Form (Attachment I) and the Warden's Decision (Attachment III)

DW/GHFD

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

FOR OFFICE USE ONLY
GRV. V8M24-01241
Date Received: 9-30-24
GRV. Code #: 501

Y/C
1/C

Unit/Center ____VSM____

Name __Stevson Cornwell Xander Corry Brown__

ADC# __145100__ Brks # __MX401__ Job Assignment __Puitive__

**9-15-24** (Date) STEP ONE: Informal Resolution

**9-26-24** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: __Never got step / talk__ __from Lt. Franks__

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* __NO__ If yes, circle one: medical or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On 9-13-24 Sgt. Perkins Refused my Lilly and Dinner trays After I notified Lt Baker at my cell door of Problem which he stated he'd Notify another officer to come feed me but No Avail. On Sunday 9-15-24 Sgt. Perkins was assigned to ISo.4 again and was subjected to the same treatment where my Chows were Refused. This is the same conduct exhibited by this officer which I've grieved multiple times yet unit management, 21-52 Lieutenant and 21-11 captain won't do anything to address problem. 21-04 Major Lewis has/'t Addressed issue, and 21-03 DW Griffin has been notified w/ no Avail. Cutting/interfering of Chows w/ multiple dates is a deprivation of lifes Necessity which violates the 8th Amendment to the U.S. constitution. (a person in my 401 is witness & so are other ISo's and caller on IA mainly Highside will have indoor visit.) On the catty stops to ISo.4 where sexual statements but I attempt IX to feed chow but No Oas were done on scene IA Ecms On 9-13-24/9-15-24 for all not sat on those dates.

Inmate Signature __[signature]__                     Date __9-15-2024__

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

__Everal Franks__        __134071__        __[signature]__        RECEIVED __11/21__
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature        Date Received
Describe action taken to resolve complaint, including dates: _____        OCT 30 2024

_____
_____
                                    INMATE GRIEVANCES SUPERVISOR
                                    ADMINISTRATION BUILDING

Staff Signature & Date Returned _____        Inmate Signature & Date Received __[signature] 9-26-24__

This form __[RECEIVED 9/26/24]__ (date), pursuant to Step Two. Is it an Emergency? __NO__ (Yes or No).
Staff Who Received Step Two Grievance: _____        Date: _____
Action Taken: _____        (Forwarded to Grievance Officer, Warden, Other). Date __9/26/24__
If forwarded, provide name and title of person receiving this form: _____        Date: _____

**DISTRIBUTION: YELLOW** & **PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Warden/Unit Grievance - Step One and Step Two.

RECEIVED 9/26/24

VARNER UNIT GRIEVANCE

ADCF-15                                    www.aclcatalog.com

Attachment VI
00

# DEPUTY/ASSISTANT DIRECTOR'S DECISION

| **INMATE NAME:** | Cody/Obama, Steven/Ismael/Xander D. | **ADC #:** | 145160 | **GRIEVANCE#:** | VSM24-01243 |

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION:**

In your grievance dated 9/13/2024, you stated, "On 9-13-24 at approx. 11:43 am while housed in ISO4017 cell Sgt. Perkins REFUSED me chow (lunch) even though I had a sign for camera to see stating "I did not refuse my chow;' prior to lunch. Sgt. Perkins did not even STOP to conduct chow call ????? is also commissary in ISO4 yet St. Perkins advised he's sending my box back REFUSED. I am only permitted to shop once every 30 days and I have never refused my box if records are checked. He's trafficking/trading. This is a constant issue w/ said officer displaying unprofessional towards me yet not to other inmates. Per AR 225 staff shall refrain from displaying discourteous behavior towards inmates. I told D/w Griffin I'd refrain from grieving this officer if she instructed him to cease his actions which she stated she would on 8-28-24 and 9-3-24. I'd like camera footage reviewed/retained from said above time till approx. 12:05 pm to show what I allege is true and trafficking/trading being."

On 10/25/2024, the warden responded, "This complaint was previously addressed in the response to VSM24-01203 and found to be without merit. Therefore, the merit of the issue will not be addressed again at the unit level."

Your appeal was received on 10/30/2024. After a review of your appeal and supporting documentation, I concur with the Warden's decision. This complaint was previously addressed in the response to VSM24-01203 and found to be without merit. The decision of an appeal is the end of the grievance process for that particular grievance. My response to grievance #VSM24-01203 stands as is. Therefore, I will not address the merit of your appeal.

DIRECTOR

11-20-24

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

## WARDEN'S/CENTER SUPERVISOR'S DECISION

| INMATE NAME: | Cody/Obama, Steven/Ismael/Xander D. | ADC #: | 145160B | GRIEVANCE #: | VSM24-01243 |
|---|---|---|---|---|---|

**WARDEN/CENTER SUPERVISOR'S DECISION:**

In your grievance you stated, "On 9-13-24 at approx. 11:43 am while housed in ISO4017 cell Sgt. Perkins REFUSED me chow (lunch) even though I had a sign for camera to see stating "I did not refuse my chow;" prior to lunch. Sgt. Perkins did not even STOP to conduct chow call ????? is also commissary in ISO4 yet St. Perkins advised he's sending my box back REFUSED. I am only permitted to shop once every 30 days and I have never refused my box if records are checked. He's trafficking/trading. This is a constant issue w/ said officer displaying unprofessional towards me yet not to other inmates. Per AR 225 staff shall refrain from displaying discourteous behavior towards inmates. I told D/w Griffin I'd refrain from grieving this officer if she instructed him to cease his actions which she stated she would on 8-28-24 and 9-3-24. I'd like camera footage reviewed/retained from said above time till approx. 12:05 pm to show what I allege is true and trafficking/trading being."

This complaint was previously addressed in the response to VSM24-01203 and found to be without merit. Therefore, the merit of the issue will not be addressed again at the unit level.

SIGNATURE OF WARDEN/SUPERVISOR OR DESIGNEE

Date _____  Title _____

### INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?

I'd need retained to prove my Allegations are True since Its not used in Appeal Phase. I need it for future Litigated. If cameras are reviewed it would prove the truth and logs are falsified. None will take me and Investigate claims against this said officer.

INMATE SIGNATURE

#145160

Date 10-28-24

**RECEIVED**

OCT 3 0 2024

INMATE GRIEVANCES SUPERVISOR
ADMINSTRATION BUILDING

If appealing, please submit both the Unit Level Grievance Form (Attachment I) and the Warden's Decision (Attachment III)

D/W GRIFFIN

**UNIT LEVEL GRIEVANCE FORM (Attachment I)**

Unit/Center ___VSM___

FOR OFFICE USE ONLY
GRV. VSM 24.01243
Date Received: 9-30-24
GRV. Code: 800

y/c

1/c

Name __Scott Fennel Xavier Al yEbama__

ADC# __145160__  Brks # __MX4017__  Job Assignment __Porter__

__9-13-24__(Date) STEP ONE: Informal Resolution

__9-26-24__(Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: __Never got step II both__
___from Lt. franks___

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to
a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious
nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the
attached emergency receipt. In an Emergency, state why: _____

_Is this Grievance concerning Medical or Mental Health Services?_ __NO__ _If yes, circle one: medical or mental_
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel
involved and how **you** were affected. (Please Print): On 9-13-24 at approx. 11:43am while
housed t/1 ISO.4-17 (M Sex) Perkins REFUSED me Chow (Lunch) even
though I had a SIGN for Camera to see Station 3 "I DiD NOT GET
My Chow" Prior to lunch Sgt.Perkins did not even STOP to
conduct Chow call. they t-day IS also commissary + I ISO.4
yet Sgt.Perkins advised he's Saving my box back REFUSED.
I am only permitted to shop o/1s every 30 days and I have
Never Refusal my box if records are checked. Also retaliating/trading
this ISa constant issue w/ said officer 1 showing u/professionally
towards me yet NOT to other Inmates. Per AR228 Staff shall refrain
from a showing of scornious behavior towards Inmates. I told
D/W Griffin to Retain from grievance his office/ to have installed
him to cease his actions which she stated she would on 8-28-24,
and 9-3-24. I'd like Camera footage review of the retaliation and the area
t/w camera 13.05 am to show what I alledge is true and that retaliation/trading is being
done by this officer during chow call and cameras will PROVE such.

Inmate Signature __Scott Fennel__  Date __9-13-2024__

_If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on __9-30-24__(date), and determined to be **Step One** and or an Emergency Grievance
_____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name
of the person in that department receiving this form: _____  Date _____

PRINT STAFF NAME (PROBLEM SOLVER)  ID Number  Staff Signature  Date Received

Describe action taken to resolve complaint, including dates: _____

RECEIVED

OCT 30 2024

~~RECEIVED~~

Staff Signature & Date Returned   INMATE GRIEVANCES SUPERVISOR   Inmate Signature & Date Received __9-26-24__
~~SEP 30 2024~~   ADMINSTRATION BUILDING
This form was received on __9/26/24__(date), pursuant to **Step Two**. Is it an Emergency? __NO__ (Yes or No).
Staff Who Received Step Two Grievance: _____  Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: __9/26/24__
If forwarded, provide name of person receiving this form: _____  Date: _____

~~VARNER UNIT GRIEVANCE~~
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back
to Inmate after Completion of Step One and Step Two.

ADCF-15  @ www.aclcatalog.com

State of Arkansas )
                         ) ss
County of LINCOLN )

# AFFIDAVIT

I, Steven Cody Obana #145160 do hereby solemnly swear, depose and state that: Sgt. Brian Perkins has called me a SNITCH multiple times as late as 3-2-25 while he worked in CB3 and on days in grievances mentioned 9-1-24, 9-13-24, 9-15-24 and others as well as called me "LGBT" Discriminatory names and a Sex offender for raping a 5yr old Little Boy which IS FALSE. Several Gangs/Aryan Groups have now threatened my life as a result of Sgt. Perkins going from Cell block to Cell block stating stuff like that. I've had multiple inmates/Staff state it to me and will write Affidavits/testify on my behalf.

* I Declare under Penalty of Perjury that the above IS true and accurate to best of my knowledge. *

__3-4-2025__
Date

Name _____

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this ____ Day of _____ 20___.

MY COMM. EXP. _____

NOTARY PUBLIC _____

# CIVIL COVER SHEET

US DISTRICT COURT
EASTERN DISTRICT ARKANSAS

The US civil cover sheet and the information herein neither replaces nor supplements the filing service or pleadings or the papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, id required for the use of the Clerk of Court for the purpose of initiating the civil docket. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM) MAR 10 A 9:01

**I. (a) PLAINTIFFS**

*Steven Cody-Obama* #145160 TAMMY H. DOWNS

**(b)** County of Residence of First Listed Plaintiff *LINCOLN*
(Except in US Plaintiff Cases)

**(c)** Attorney's (Firm Name, Address and Telephone Number
*P.O. BOX 600*
*Grady, AR. 71644*

**DEFENDANTS**

*Deputy Warden Brando/Carroll, Sgt. Brian Perkins Et al*

County of Residence of First Listed Defendant *LINCOLN*
(IN US PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES,
USE THE LOCATION OF THE LAND INVOLVED

Attorneys (if known)
*P.O. BOX 600*
*Grady, AR. 71644*

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

1. US Government Plaintiff
2. U.S. Government Defendant
3. Federal Question (U.S. Government not a party)
4. Diversity (Include citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box
(For Diversity Cases Only) for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizens of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Exc. Veterans)<br>153 Recovery of Overpayment of Veteran s Benefits<br>160 Stockholders' Suit<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | | 610 Agriculture<br>620 Other Food & Drink<br>625 Drug Related Seizure of Property 28 USC 881<br>630 Liquor Laws<br>640 R.R. & Truck<br>650 Airline Regs<br>660 Occupational Safety/Health<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>PROPERTY RIGHTS | |
| | | LABOR | SOCIAL SECURITY | |
| | | | FEDERAL TAX SUITS | |
| REAL PROPERTY | CIVIL RIGHTS<br>*1983 Suit*<br>*Slander/Defamation* | PRISONER PETITIONS | | |

**ORIGIN** (Place an "X" in One Box Only)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Judgement

| CAUSE OF ACTION | Cite U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity) 1983, Slander and Defamation |
| --- | --- |
| | Brief Description of cause: Stickerkins called me a Snitch, LGBT discrimination and Harassment |

and Dehtycuandd failed to reign IM his officer and faited to protect.



River Unit - Cumm #13888
P. O. Box 600
Grady, AR. 71644

ADC
VARNER
UNIT

quadient
FIRST-CLASS MAIL
IMI
$002.87 ℗
03/06/2025 ZIP 71643
043M31236723
US POSTAGE

U.S. District Court
Clerks office
600 W. Capitol Ave.
A-149
Little Rock, AR. 72201